UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 11-268-JBC

JEANNIE SAYLOR, PLAINTIFF,

V.           MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on cross-motions for summary judgment on Jeannie Saylor's appeal from the Commissioner's denial of her application for Disability Insurance Benefits ("DIB"). The court will grant the Commissioner's motion, R. 11, and deny Saylor's motion, R. 10, because substantial evidence supports the administrative decision.

At the date of her disability filing, Saylor was a 47-year-old woman with a ninth-grade education and past work experience as a manager in a retail store. AR 35–36, 60–61. She alleged disability beginning November 19, 2009, due to pain in her left hip, left leg, back, and left shoulder, along with carpal tunnel syndrome and high blood pressure. AR 194. She filed her application on November 23, 2009, and after several administrative denials and appeals, Administrative Law Judge ("ALJ") Donald A. Rising issued a decision that Saylor was not disabled. AR 13–21, 107–08. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1984); 20 C.F.R. §

1

404.1520, the ALJ found that Saylor had not engaged in substantial gainful activity since November 19, 2009, the alleged onset date; that she had "severe" impairments consisting of cervical spine osteoarthritis, anxiety, and depression; that her impairments, considered singly or in combination, did not meet or equal one of the Commissioner's Listings of Impairment; that she retained the residual functional capacity ("RFC") to perform a range of sedentary work as defined in 20 C.F.R. § 404.1567(a) except for no lifting more than 15 pounds occasionally, no sitting or standing more than 30 minutes, no more than frequent climbing, stooping, crouching, or overhead reaching with the right upper extremity and a limitation to simple instructions and tasks in nonpublic settings with casual and infrequent coworker contact; and that, based on her RFC and the testimony of a vocational expert ("VE"), a significant number of unskilled jobs existed in the economy which Saylor could perform. AR 15–19. The ALJ thus denied Saylor's claim of disability on January 19, 2011. AR 21. The Appeals Council declined to review, AR 1-6, and this action followed.

    Saylor's argument on review is stated very generally; she asserts merely that the Commissioner's decision is not supported by substantial evidence. As part of that argument, she contends that the ALJ did not consider all of the evidence submitted in reaching his decision, did not present an accurate hypothetical question to the VE, and did not evaluate her complaints of pain correctly. R. 10 at 1, 9-11.

The ALJ's decision demonstrates that he considered all relevant evidence and testimony. AR 16-19. Regarding Saylor's physical impairments, the ALJ considered office notes from Saylor's treating family physicians, Sharon Colton and Rachel Eubank, whose treatment was largely routine until after Saylor's disability application. AR 274–75. In December 2009, Saylor complained of carpal tunnel syndrome in the right hand with shoulder pain and difficulty breathing, some of which she related to a motor vehicle accident. AR 279. Dr. Eubank found that she was in no distress, that her neck moved well in all six planes, and that her right wrist was normal. Her chest was clear and her oxygen saturation was normal. *Id.* Cervical spine x-rays showed some osteoarthritis changes and "disturbance of curve," and a right-wrist x-ray was normal. *Id.* Shortly thereafter, Saylor returned with records from a July 1984 motor vehicle accident showing surgery on a broken hip socket, a broken finger and a questionable fracture of the C5 vertebra. AR 327. Dr. Eubank assessed multiple traumas with residual problems and suggested further testing, as well as exercise and "ways other than drugs [for Saylor] to help herself." *Id.* Later, Dr. Eubank prescribed medication for depression and referred Saylor to the local Comprehensive Care Center ("CCC"). AR 320-25.

Drs. Colton and Eubank signed letters in September and October 2010 indicating that Saylor was not able to stand or walk for long periods of time and would not be able to lift more than about fifteen pounds. AR 362–63. They further stated that Saylor's depression and anxiety would cause some limitations in social interactions such as with fellow employees and customers in a work

3

environment.  *Id.*  The ALJ's hypothetical question to the VE incorporated these restrictions.

The ALJ's hypothetical question was also consistent with the opinion of Dr. Bradley E. Wells, who conducted a consultative physical examination on January 9, 2010.  AR 294.  His physical examination showed some reduced range of motion of the right wrist and right hip, and he noted that Saylor walked with a slight limp but was able to move on and off the examination table with ease.  AR 295.  Dr. Wells diagnosed chronic right hip pain and right wrist pain, and opined that Saylor would be able to sit, stand, and walk for short periods and use her upper extremities at or below shoulder level without difficulty.  AR 296–97.

Finally, a state agency physician, Dr. P. Saranga, reviewed the evidence as of June 17, 2010, and concluded that Saylor would be able to perform light-level exertion with limited reaching in all directions.  AR 354–60.  The hypothetical question was even more limiting than these restrictions.

The ALJ also properly evaluated Saylor's complaints of anxiety and depression. Both examining and non-examining sources provide support for the factors in the hypothetical question. Psychologist Jeanne Bennett conducted a mental status evaluation on February 27, 2010 and concluded that, while Saylor had a depressive disorder and a pain disorder, she would be only slightly limited in her ability to tolerate the stress and pressure of day-to-day employment.  AR 307–12.  Notes from Saylor's treating psychiatrist at CCC, Dr. Syed Raza, do not contain any specific functional restrictions; he diagnosed only a mood disorder and

4

"moderate" major depression. AR 368, 370. State agency psychologists Ilze Sillers and Laura Cutler found that Saylor would have no more than a moderately limited ability to understand, remember, and carry out simple instructions. AR 313–15.

Thus, the ALJ's opinion and the hypothetical question he posed to the VE demonstrate that he properly considered all of the evidence in determining Saylor's RFC, and his opinion is therefore supported by substantial evidence.

Saylor's contention that the ALJ erred in not giving full credibility to her subjective statements that she had to lie down for substantial periods during the day due to severe back pain is without merit. Saylor does not describe any specific evidence that contradicts the ALJ's credibility finding, and the ALJ followed the proper procedure in determining the credibility of Saylor's testimony. *See Duncan v. Sec'y of Health and Human Servs.,* 801 F.2d 847, 853 (6th Cir. 1986). First, he determined that Saylor had an underlying medically determinable impairment that could reasonably be expected to produce her pain. Second, he found that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not entirely credible due to inconsistencies in her statements at various points of her application. The ALJ noted that Saylor submitted forms stating that she had no difficulty with personal care activities, did daily household chores such as laundry, sweeping, and dusting, and could drive and shop. AR 19, 218-19. At the hearing, however she testified that she did nothing but watch television and would sit in the car while her mother did the shopping. AR 19, 50, 53. Accordingly, the ALJ properly discounted Saylor's testimony as not credible.

5

Finally, Saylor submitted additional evidence to the Appeals Council, AR 73–103, and later attached a deposition from an orthopedist, Dr. David Muffly, to her filing in this court. She appears to suggest that the additional material provides a basis for finding the ALJ's decision to be unsupported by substantial evidence. The court's review is limited to evidence which was available to the ALJ, and it may consider later evidence only for the purpose of ordering a remand pursuant to 42 U.S.C § 405(g) if the evidence is both new and material and good cause is shown for failing to submit it earlier. *See Cline v. Comm'r of Soc. Sec.,* 96 F.3d 146, 148-49 (6th Cir. 1996). Saylor has not specifically requested such a remand. To the extent that the new evidence suggests that Saylor's condition may have worsened since the ALJ's decision, her proper remedy is to file a new application for benefits. *See Sizemore v. Sec'y of Health and Human Servs.,* 865 F. 2d 709, 712 (6th Cir. 1988).

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Saylor's motion for summary judgment, R. 10, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 11, is **GRANTED**.

Signed on January 3, 2013

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6